1  MANATT, PHELPS & PHILLIPS, LLP
   CHRISTOPHER L. WANGER (Bar No. 164751) cwanger@manatt.com
2  JOHN KERN (Bar No. 206001) jkern@manatt.com
   RYAN HILBERT (Bar No. 210549) rhilbert@manatt.com
3  1001 Page Mill Road, Building 2
   Palo Alto, CA 94304-1006
4  Telephone: (650) 812-1300
   Facsimile: (650) 213-0260
5
6  PERRY J. NARANCIC (Bar No. CA 206820) pnarancic@theentrustgroup.com
   Entrust Administration, Inc.
   555 12th Street, Suite 1250
7  Oakland, CA 94607
   Telephone:   (510) 587-0950
8  Facsimile:   (650) 618-2700
9  Attorneys for Plaintiffs
   ENTRUST ADMINISTRATION, INC. and THE ENTRUST GROUP, INC.

FILED
NOV 13 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ENTRUST ADMINISTRATION, INC. a California Corporation, and THE ENTRUST GROUP, INC., a Delaware Corporation.<br><br>Plaintiffs,<br><br>vs.<br><br>THOMAS DAVISE, an Individual, BLAIR PEETZ, an Individual, and eTRUSTDIRECT, INC.<br><br>Defendants. | Case No. C06-06427 JW<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' REQUEST FOR PRELIMINARY INJUNCTION<br><br>[Civil Local Rule 65-1]<br><br>Judge: Hon. James Ware |

On October 31, 2006, Plaintiffs Entrust Administration, Inc. and Entrust Group, Inc. (collectively, "Entrust") filed an *Ex Parte* Motion for a Temporary Restraining Order and Order to Show Cause for Preliminary Injunction (the "Motion") against Defendants Thomas Davise, Blair Peetz and eTrustDirect, Inc. (collectively, "Defendants"). That same day, October 31, 2006, this Court granted Entrust's Motion and entered a TRO temporarily restraining Defendants from

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

[PROPOSED] ORDER GRANTING
ENTRUST'S PRELIMINARY INJUNCTION
CASE NO. C06-06427 JW

performing certain acts.

In its October 31 Order, this Court ordered, among other things, that Defendants file and personally serve any opposition to Entrust's Motion by no later than November 7, 2006. Defendants failed to file any opposition. This Court also ordered Defendants and their employees, officers, agents, servants, attorneys and/or assigns, and all those acting in concert with them, to return to Entrust within three (3) days of entry of the Order any Entrust Trade Secrets currently in their possession, custody or control. Defendants failed to comply with this provision as well. This Court further ordered Defendants to show cause on November 13, 2006 why Defendants and their employees, officers, agents, servants, attorneys and/or assigns, and all those acting in concert with them, should not be restrained and enjoined pending trial of this action from performing certain acts.

On November 13, 2006, this matter came before the Honorable James Ware for hearing on the request for preliminary injunction filed by Entrust against Defendants. Having considered Entrust's request, the files and records of the case, and the evidence and argument presented at oral argument, it is HEREBY ORDERED that Entrust's request is GRANTED.

As part of its business, Entrust maintains a database of its customers containing detailed, confidential information about those customers and their accounts, including but not limited to their names, addresses, email addresses, telephone numbers, and the value and nature of the customers' account (Entrust's "Trade Secrets").

When establishing a new customer accounts, an Entrust business development representative provides certain forms to the Entrust client for the purpose of effecting the self-directed account (the "Administrative Forms"), which Administrative Forms also are maintained as confidential by Entrust and are part of Entrust's Trade Secrets.

IT IS HEREBY ORDERED that:

(1) Defendants and their employees, officers, agents, servants, attorneys and/or assigns, and all those acting in concert with them, are hereby enjoined during the pendency of this action from the following:

    (a)    Disseminating any advertising, solicitations, or communications with

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

[PROPOSED] ORDER GRANTING
ENTRUST'S PRELIMINARY INJUNCTION
CASE NO. C06-06427 JW

customers or prospective customers in which Defendants make false or misleading statements about themselves or about Entrust, including but not limited to, statements (i) that Entrust pays less than 0.01% interest on customer accounts, and (ii) that Defendants have a custodial relationship with Greater Bay Bank, N.A.;

(b) Making any use whatsoever, direct or indirect, of Entrust's Trade Secrets (including without limitation customer information and Administrative Forms) currently in the possession, custody or control of Defendants;

(c) Passing or otherwise disclosing in any way the Entrust's Trade Secrets (including without limitation customer information and Administrative Forms) to any third party;

(d) Using Entrust's Trade Secrets (including without limitation customer information and Administrative Forms) to solicit any of Entrust's customers; and

(e) Entering into any agreement with any customer whose identity became known to Defendants as a result of confidential information belonging to Entrust.

(2) Within three (3) days of entry of this Order, Defendants and their employees, officers, agents, servants, attorneys and/or assigns, and all those acting in concert with them, are required to return to Entrust any Entrust Trade Secrets (including without limitation customer information and Administrative Forms) currently in their possession, custody or control, including all Entrust customer lists and forms and/or all confidential information of Entrust's customers.

(3) There shall be no bond on this preliminary injunction.

IT IS SO ORDERED.

Dated: November 13, 2006
9:45 am,

_____
Honorable James Ware
United States District Court Judge

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

3

[PROPOSED] ORDER GRANTING
ENTRUST'S PRELIMINARY INJUNCTION
CASE NO. C06-06427 JW